People v Clifford (2025 NY Slip Op 51720(U))

[*1]

People v Clifford

2025 NY Slip Op 51720(U)

Decided on October 28, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Jonathan Clifford, Defendant.

Index No. CR-001652-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Kelly Keating of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Misa Le of counsel), for defendant.

Ilona B. Coleman, J.

The People move this court pursuant to CPLR 2221 (e) for leave to renew their application to compel the defendant's DNA. Mr. Clifford opposes, arguing that the People have shown neither "probable cause to believe the defendant has committed the crime" nor "a clear indication that relevant material evidence will be found" (CPL 245.40 [e]). Mr. Clifford also cross-moves for a protective order limiting the use of any compelled DNA sample or any other DNA sample collected from him while in police custody. 
I. Relevant Facts
On May 30, 2025, the People filed a motion to compel the defendant's DNA. In their motion, the People alleged that, on January 10, 2025, Police Officer Edwin Nieves saw a vehicle make an improper turn and observed that neither the driver (defendant Jonathan Clifford) nor the passenger (codefendant John Michael Hoti) were wearing a seatbelt. PO Nieves attempted to initiate a car stop. Rather than stopping, the defendant accelerated and drove away from the officers, only coming to a stop nine blocks north. Once stopped, codefendant Hoti ran from the car and placed an object under another vehicle before the police stopped and arrested him. PO Nieves recovered a loaded 9mm Ruger firearm underneath the same vehicle where he saw codefendant Hoti place the object.
On July 11, 2025, this court denied the People's motion to compel DNA from Mr. Clifford. The facts provided by the People in their moving papers did not establish probable cause to believe that Mr. Clifford possessed a firearm. Specifically, the court found that on the facts alleged, the automobile presumption of possession did not apply; that there was no evidence that the defendant had physical possession of the firearm; and that the evidence was equivocal as to whether Mr. Clifford even knew about the firearm, much less exercised dominion or control over it.
After the court issued its decision, the People searched Mr. Clifford's phone pursuant to a search warrant issued by a different criminal court judge. In connection with this search warrant, the People recovered photographs from Mr. Clifford's phone "depicting a firearm similar in appearance to the firearm recovered here" (People's aff, ¶ 8). The People, in their moving papers, do not indicate when these photographs were taken. The People also recovered from Mr. Clifford's phone "a video taken the day of . . . [Mr. Clifford's] arrest . . . that depicts a person driving a BMW with a firearm in their waistband" (id.).
Based on the search warrant results, the People then filed the instant motion to renew their application to compel defendant Clifford's DNA. In their motion, the People included the following exhibits: two photographs of the firearm the police recovered on January 10, 2025; two photographs of firearms recovered from the defendant's phone; and two still images taken from the above-referenced video. The first photograph from the defendant's phone depicts a BMW [FN1]
steering wheel and a person wearing a distinctive blue sneaker. In the foreground of the photograph is a firearm that does not appear to match the firearm that the police recovered on January 10, 2025. The second photograph, however, depicts a firearm that appears to match the firearm that the police recovered in this case. This second photograph depicts a hand holding this firearm near the person's lower leg. The person holding the firearm is wearing light-colored jeans and bright blue sneakers. The location where the photograph was taken is not entirely clear, but it appears to depict the floor of a car. With respect to the video stills, the first depicts a BMW steering wheel consistent with the vehicle in the first photograph. A small portion of a blue sneaker and light-colored jeans can also be seen in the video still. The second video still depicts the handle of a firearm, apparently consistent with the firearm recovered by the police, protruding from the pocket of the light-colored jeans.
II. Motion to Renew
A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination" and must present "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). The new facts presented here—the photographs and video obtained from the defendant's phone—could not have been presented in the initial motion, as they People had not yet obtained or executed a search warrant for the defendant's phone. This is a reasonable justification for presenting new facts (CPLR 2221 [e] [3]) to this court for consideration in connection with the application for a motion to compel.
The People's new facts are also sufficient to change this court's prior determination denying the People's motion to compel (CPLR 2221 [e] [2]). With the newly alleged facts, the People have established probable cause to believe that the defendant possessed a firearm in violation of PL § 256.03 (3) (see CPL 70.10 [2] [probable cause exists when evidence is "of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it"]; see also People v Carrasquillo, 54 NY2d 248, 254 [1981] ["reasonably likely" [*2]means "at least more probable than not"]).
Here, the question is whether there is probable cause to believe that the defendant possessed a firearm (PL 265.03 [3]). Possessing a firearm means either "to have physical possession" or "to exercise dominion or control" over the firearm (PL 10.00 [8]). The photographs and video found on Mr. Clifford's phone depict the driver of a BMW holding what appears to be the same firearm recovered in this case. Also, the vehicle from which the co-defendant fled with the firearm was a BMW, like the vehicle depicted in the People's exhibits. The video, which depicts the driver of the BMW holding the recovered firearm, was taken the day of the arrest. Collectively, this evidence supports the inferences that (1) the person in the video is the defendant, and (2) the firearm in the video is the one recovered in this case. The court finds on the facts before it that it is "reasonably likely" that the defendant had physical possession of a loaded and operable firearm (Carrasquillo, 54 NY2d at 254). Of course, as the defense argues, the People could have provided more evidence in their motion to establish that the person in the photograph is Mr. Clifford. For example, the People could have examined the metadata from the photographs and video to determine when, where, and by what device they were taken. More straightforwardly, they could have submitted the defendant's arrest photographs, which would show whether he was wearing the same light-colored jeans and bright blue sneakers depicted in the People's exhibits. While these omissions give the court pause, the facts before the court suffice to establish probable cause that the defendant had physical possession of the firearm.
Even if the person in the photographs and video stills is not the defendant, the People's allegations are sufficient to conclude that the defendant "exercise[d] dominion or control" over the firearm (PL 10.00 [8]). The fact that the defendant had a video and photograph of the firearm on his phone demonstrates that the defendant knew about the firearm. This knowledge, in turn, suggests that the defendant's flight from the police was done in an effort to prevent the police from finding and seizing the firearm. Together, the defendant's presence in a vehicle with a firearm, his knowledge of the firearm, and his seeming efforts to shield the firearm from the police provide probable cause to believe that the defendant "exercise[d] dominion or control" over the firearm.
As the People have provided new facts sufficient to change the court's prior finding (CPLR 2221 [e] [2]), the People's motion to renew is granted. The court will consider the merits of the motion to compel, as well as the defendant's cross-motions.
III. The People's Motion to Compel
Under CPL § 245.40 (1) (e), the court may order a defendant to "[p]ermit the taking of samples of . . . materials of the defendant's body that involves no unreasonable intrusion" upon a showing of "probable cause to believe the defendant has committed the crime, a clear indication that relevant material evidence will be found, and that the method used to secure such evidence is safe and reliable." (See also Matter of Abe A., 56 NY2d 288, 291 [1982].) Even if these standards are met, the court must, as a constitutional matter, "weigh the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against concern for the suspect's constitutional right to be free from bodily intrusion on the other" before issuing such an order (Abe A., 56 NY2d at 291).
As discussed above, the People have established probable cause to believe that the defendant possessed a loaded and operable firearm in violation of PL § 265.03 (3). The People have also met their burden of showing "a clear indication that relevant material evidence will be [*3]found" (CPL § 245.40 [1] [e]). The Office of the Chief Medical Examiner (OCME) analyzed swabs of the firearm recovered in this case and found one DNA sample suitable for comparison.[FN2]
A buccal swab would provide the People with a sample of the defendant's DNA that could then be compared to the DNA mixture found on the firearm. Whether the defendant's DNA is on the firearm is clearly relevant and material to this case, especially given the new evidence that the defendant had physical possession, not merely constructive possession, of the firearm.
The court also finds the search to be justified under the Abe A balancing test (see 56 NY2d at 291). The defendant is charged with a class C violent felony. Especially when multiple people are alleged to have possessed a weapon, DNA analysis is often the most important evidence in a case. A buccal swab — which is not painful, does not involve piercing the skin, and takes only seconds to complete — involves very little bodily intrusion, and the defense has not suggested that any less intrusive means of obtaining the defendant's DNA exists. The defendant's interest in protecting his biological data will be sufficiently protected by a court order limiting its use (see infra, section V).
The People's motion to compel the defendant to provide samples of his DNA through a buccal swab is therefore granted.
IV. The Defendant's Motion to Hold the People's Motion in Abeyance
The defendant requests that the court hold the People's motion to compel in abeyance "until [the defendant] has had the opportunity [to] litigate the legality of his arrest and the stop of this [sic] car." The defendant argues that the motion is "premature" and that abeyance would be "appropriate." The court disagrees. The motion is not premature. Abe A involved a pre-arrest application for a search warrant, and the court specifically rejected the argument that the defendant must be arrested before the court could consider an application to compel a blood sample (56 NY2d at 296-297).
While it may be a prudent exercise of judicial discretion in some cases to delay consideration of a motion to compel, this is not such a case. Despite asserting that there is "a legitimate suppression issue" in this case, the defense has not made a showing that they are likely to prevail on a suppression motion. Holding the motion in abeyance would significantly hinder the prosecution and delay the defendant's trial, but it would do little to protect the defendant's liberty and privacy interests.
The defendant's motion to hold the People's motion in abeyance is therefore denied.
V. The Defendant's Motion for a Protective Order
The defendant moves for a protective order specifying that his DNA sample may only be used for comparison in the instant matter and prohibiting OCME from adding the defendant's sample to a DNA index. The People do not oppose. The defendant's motion for a protective order is granted.
VI. Conclusion
It is hereby ORDERED that the defendant, Jonathan Clifford, submit to the taking of a [*4]sample of his saliva and buccal cells by a member of the New York City Police Department, an investigator employed by the New York County District Attorney's Office, or another law enforcement official.
If the defendant is incarcerated at the time the sample is to be taken, the People are further ORDERED to produce the defendant for the taking of the sample, to notify defense counsel as early as practicable of the time and place the sample is to be taken, and to allow defense counsel to be present at the time the sample is taken.
It is ORDERED that the People and the New York City Office of the Chief Medical Examiner (OCME) are prohibited from using the defendant's compelled DNA sample for any purpose other than in the investigation and prosecution of this criminal action unless and until the defendant is convicted of a crime in connection with this criminal action.
The People and OCME are ORDERED not to upload the defendant's DNA profile to any DNA index (CODIS, NDIS, SDIS, or LDIS) unless and until the defendant is convicted of a crime in connection with this criminal action.
This constitutes the decision and order of this court.
Dated: October 28, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:In their motion to renew, the People indicated that the defendant was driving a BMW immediately before his arrest. This information was not included in the People's initial motion to compel but they were aware of it. However, the information was not relevant to the probable cause determination until the search warrant was executed.

Footnote 2:The defendant argues that, because OCME did not specify the number of contributors in the sample or conduct a "STRmix deconvolution," the People cannot show a "clear indication" that a DNA sample would produce relevant and material evidence. A "clear indication," however, does not require absolute scientific certainty, and OCME's initial finding that the sample is suitable for comparison is sufficient for the purposes of this motion.